UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 16-00487-TLM |
| KURTIS D. LEATHAM, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| NOAH G. HILLEN, Chapter 7 ) | |
| Bankruptcy Trustee ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 16-06036-TLM |
| ) | |
| SPECIALIZED LOAN SERVICING, ) | |
| LLC ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION**
_____

**FACTUAL AND PROCEDURAL BACKGROUND**

Chapter 7 Trustee, Noah Hillen ("Trustee") initiated this adversary proceeding to challenge the security interest that Specialized Loan Servicing, LLC ("SLS") claims in Debtor's residence ("Property"). Adv. Doc. No. 29.[1] In

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11, U.S. Code § 101–1532. References to "Rules" are to the Federal Rules of Bankruptcy Procedure and those to "Civil Rules" are to the Federal Rules of Civil Procedure. References to "FRE" are to the Federal Rules of Evidence. References to filings in this adversary proceeding, Adv. No.
(continued...)

MEMORANDUM OF DECISION - 1

response, SLS filed a motion to dismiss pursuant to Civil Rule 12(b)(6). Adv. Doc. No. 34 ("Motion"). A hearing was held on SLS's Motion and the matter was taken under advisement. Adv. Doc. No. 45.

**LEGAL STANDARD**

This Court has previously outlined the relevant authorities regarding motions to dismiss under Civil Rule 12(b)(6) as follows:

> The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here under F.R.B.P. 7012, is to test the legal sufficiency of a plaintiff's claims for relief. In determining whether a plaintiff has advanced potentially viable claims, the complaint is to be construed in a light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). When reviewing the allegations of a complaint, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). The complaint should not be dismissed for a failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41 (1957); *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir. 1997). Thus, a court may properly grant a Rule 12(b)(6) motion if it is clear from the face of the complaint and judicially-noticed documents that the plaintiff cannot prevail as a matter of law.
> 
> *Stocks v. Calo (In re Calo)*, 97.3 I.B.C.R. 87 (Bankr. D. Idaho 1997). *See also, Edwards v. Ellsworth, May, Sudweeks, Stubbs, Ibsen & Perry*,

---

[1](...continued)
16–06036–TLM, will be to "Adv. Doc. No. ____"

MEMORANDUM OF DECISION - 2

> 10 F. Supp. 2d 1131, 1132 (D. Idaho 1997). As discussed in *Schneider v. California Dept. of Corrections*, 151 F.3d 1194 (9th Cir. 1998), the issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence in support of the claims. It may appear on the face of the pleadings that recovery is very remote and unlikely, but that is not the test. *Id.*, at 1196, quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The key is whether or not it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

*Quad Cities Constr., Inc. v. Advanta Bus. Servs., Corp. (In re Quad-Cities Constr., Inc.),* 254 B.R. 459, 465–66 (Bankr. D. Idaho 2000). This Court further emphasized that, under the authorities, "it is a rare case that calls for Rule 12(b)(6) relief." *Id.* at 466.

## ANALYSIS AND DISPOSITION

### A.   Judicial Notice

A threshold issue concerns the scope of information that may properly be considered on SLS's Motion. The Ninth Circuit has explained that, in ruling on a Civil Rule 12(b)(6) motion, a Court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008).

Under FRE 201, SLS asks the Court to take judicial notice of attachments to SLS's motion for relief from the § 362 stay filed in Debtor's main bankruptcy case. Adv. Doc. No. 42. SLS's purpose for this request is for the Court to

MEMORANDUM OF DECISION - 3

consider the contents of those attachments in determining whether SLS has a valid defense to Trustee's claims.

The request is not well taken. Judicial notice of the record in the main bankruptcy case allows the Court to establish that a filing occurred and on what date—should that limited information be relevant to the matters at hand. *See Wisdom v. Gugino (In re Wisdom)*, 2016 WL 1039694, at *3 n.7 (Bankr. D. Idaho March 15, 2016). But FRE 201 does not allow the Court to "take notice of" (*i.e.*, give evidentiary weight to) what is asserted within such documents. *Id.*; *see also, Credit All. Corp. v. Idaho Asphalt Supply Inc.*, 95 B.R. 143, 146–47 (9th Cir. BAP 1988) (notice of the existence of the documents filed in the Court's record does not establish the truth of the facts contained in any particular document).

The fact that SLS asked for stay relief is not relevant. SLS's request to take judicial notice seeks the Court's consideration of the appended documents and is improper. Therefore, the request will be denied.

### B.      Motion to Dismiss

Trustee's complaint seeks to avoid or invalidate SLS's security interest in the Property. Trustee makes three claims against SLS. Trustee alleges that the property description in the deed of trust provides no legal description and an incorrect physical address and thus fails to satisfy the statute of frauds. Consequently, Trustee alleges the deed of trust can be invalidated as a defense against SLS's claimed security interest pursuant to § 558. Trustee also alleges that

MEMORANDUM OF DECISION - 4

the 2010 re-recording of an altered deed of trust (*i.e.*, one that allegedly added the Ex. A legal description absent from the 2007 deed of trust) was done without that re-recorded document being acknowledged by Debtor and is, therefore, subject to avoidance by a judicial lien creditor under § 544(a)(1) or by a bona fide purchaser under § 544(a)(3). In response, SLS raises a number of defenses to Trustee's claims and argues that Trustee cannot prevail.

There are interesting issues suggested. But this is not the "rare case" properly subject to resolution under Civil Rule 12(b)(6). The Court has considered all submissions and concludes Trustee's complaint meets the bar to survive a motion to dismiss.[2] SLS's motion will be denied. Counsel for Trustee shall submit an appropriate order.

DATED: August 24, 2017



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[2] The Court declines to discuss the strength of Trustee's claims or of SLS's defenses. That is not necessary in resolving a Civil Rule 12(b)(6) motion, and would be inappropriate given the Court will preside over dispositive motions and trial.

MEMORANDUM OF DECISION - 5